UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20 MJ 8079 SRW |
| TRAVELL ANTHONY HILL, | ) ) ) |
| Defendant. | ) ) |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Angie E. Danis and Gwendolyn E. Carroll, Assistant United States Attorneys for said District, and move this Court to order the defendant detained pending trial, and further requests that a detention hearing be held at the time defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq., and per current guidance from the Court.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

**Presumption of Detention**

1. The defendant is charged with conspiracy to commit a murder-for-hire, resulting in death, in violation of Title 18, United States Code, Section 1958. This is an offense for which the statutorily mandated punishment is either life imprisonment or the death penalty, giving rise to a rebuttable presumption of detention pursuant to Title 18, United States Code, Section 3142(f)(1)(B).

**The Nature and Circumstances of the Offense**

2. Title 18, United States Code, Section 3142(g) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense is a controlled substance offense or a crime of violence. The defendant is charged with using facilities of interstate commerce to commit a murder in exchange for a monetary reward and, in this case, the murder actually occurred. As a result, the first of the § 3142(g) factors weighs in favor of detention. The Court should consider that this was a crime that involved substantial calculation and planning. Substantial steps were taken to determine where the victim would be and to lure him outside of the residence. The defendant did all of this for his own financial gain, then laughed about it two days later with his brother on recorded jail calls. All of these factors highlight the dangerousness of the defendant to the community.

### The Weight of the Evidence Against the Defendant

3. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong and relies on the facts as articulated in the Complaint Affidavit in reliance on same.

### The History and Characteristics of the Defendant

4. The defendant is currently on parole in the state of Missouri and has a criminal history that includes findings of guilt for Tampering in the Second Degree and Resisting Arrest (2011); Possession of a Controlled Substance (2015); Trespassing (2015); Possession of a Controlled Substance (2018); and a separate Possession of a Controlled Substance case (2018). The defendant has incurred multiple probation violations while previously on supervision.

### The Nature and Seriousness of the Danger to the Community

5. The defendant conspired with others to arrange for the murder of a young man. Once assuring his plan had succeeded, he accepted payment for his role in the conspiracy. The

safety of the community would be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

6. There a serious risk that the defendant will flee because he is facing a significant sentence in this case, based on the severity of the charge and the possible sentence he stands to receive if convicted.

### Conclusion

7. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the community as well as the appearance of the defendant.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Angie E. Danis*
ANGIE E. DANIS, #64805MO
GWENDOLYN E. CARROLL, 4657003NY
Assistant United States Attorneys